Shannon Liss-Riordan (SBN 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
Fax: (617) 994-5801

*Attorney for Respondents*
*Lindsay McGrath and Jeffry Yontz*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| X CORP., <br><br> Petitioner, <br><br> v. <br><br> LINDSAY McGRATH, *et al.*, <br><br> Respondents. | Case No. 3:25-cv-00748-TJW <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Petition Filed:  March 28, 2025 <br> Trial:                  None Set |

NOTICE OF SUPPLEMENTAL AUTHORITY

## NOTICE OF SUPPLEMENTAL AUTHORITY

Respondents write to submit three decisions, all just released, in *Lawrence v. Twitter*, case no. 2:25-cv-00658-TSZ (W.D.Wash. Aug. 1, 2025) (attached as Exhibit 1); *Acharya v. Twitter*, case no. 2:25-cv-00659-TSZ (W.D.Wash. Aug. 1, 2025) (attached as Exhibit 2); and *X Corp. v. Bahr*, case no. 2:25-cv-02766 (C.D.Cal. July 31, 2025) (attached here as Exhibit 3), as supplemental authority in support of their opposition to Twitter's Motion to Compel Arbitration.

In both *Lawrence* and *Acharya*, which involved Petitions to Compel Arbitration brought by Twitter's former employees, Judge Zilly granted the Petitioners' Motions to Compel Arbitration and ordered Twitter to "participate in the arbitrations that have been filed against them" and further ordered Twitter "to pay all arbitration fees consistent with determinations made and applicable rules set forth by Judicial Arbitration and Mediation Services ('JAMS') and the American Arbitration Association ('AAA')." Ex. 1 at 1; Ex. 2 at 1.

Similarly, in *Bahr*, which involved a Petition to Compel Arbitration filed by Twitter, in which it requests that the employees be required to pay half of the arbitration fees, Judge Klausner denied Twitter's motion, agreeing with Respondents' arguments that the Court should not second-guess the JAMS ruling that Twitter must pay all arbitration fees other than an initial filing fee. The court agreed that this was an issue delegated to be decided in arbitration, not by a court, and held "that intervention in or re-litigation of the decision to apply the [JAMS] Minimum Standards, and by extension, the unequal fee splitting, is inappropriate here." Ex. 3 at 3. The court endorsed the position that JAMS is empowered to "stand[] in the shoes of the individual arbitrator until one has ruled to the contrary" on this fee dispute. *Id.* (quoting *Frazier* v. *X Corp.,* 739 F. Supp. 3d 219, 228

(S.D.N.Y. 2024), and *Ma v. Twitter, Inc.,* 2025 WL 436636, at *5 (N.D. Cal. Feb. 7, 2025)).[1]

     Respondents submit that these three decisions further support their argument here that this Court should not second-guess JAMS' determination that Twitter must pay the arbitration fees and deny Twitter's motion.

Dated: August 1, 2025

Respectfully submitted,

LINDSAY McGRATH, *et al.,*
*Respondents*

By their attorneys,
*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

---

[1] The court then went on to explain why (like the court in *Frazier*), it too found the outlier decision in *Rosa v. X Corp.*, 2024 WL 4903619 (D.N.J. Nov. 27, 2024), which ordered the parties there to split the arbitration fees evenly, to be "unpersuasive." Ex. 3 at 3. The court explained that "the court in Rosa appears to assume without any explanation that it may address the merits of Petitioner's arguments without considering the effect of the decision by JAMS's general counsel," and "does not address the threshold question of whether the Court has any business interpreting" the arbitration agreement or JAMS Rules itself. *Id.*