# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02766-RGK-MBK | Date | July 31, 2025 |
| Title | *X Corp. v. Kyle Bahr et al.* | | |

Present: The Honorable  **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:  Attorneys Present for Respondents:

Not Present   Not Present

**Proceedings:**   **(IN CHAMBERS) Order Re: Petitioner's Motion to Compel Arbitration and Respondents' Motion for Sanctions [DEs 22, 32]**

## I.   INTRODUCTION and FACTUAL BACKGROUND

This is an action concerning the proper payment of arbitration fees in an employment dispute.

Kyle Bahr, Kevyn Bele-Binda, Yomna Elsayed, Shazia Haq, Farah Mynaf, Frank Rodriguez, and Oleg Trofimov (collectively, "Respondents") are former employees of Twitter Inc., the predecessor to X Corp. ("Petitioner"). When Respondents began working at Twitter, they each signed an identical Dispute Resolution Agreement ("DRA"). Under the DRA, Respondents agreed that employment disputes would be arbitrated before JAMS and enforced under the Federal Arbitration Act ("FAA"). The DRA also contained a provision setting forth the terms of payment:

> **6.   Paying For The Arbitration**
>
> Each party will pay for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator.

(Pet., Ex. 1-A § 6, ECF No. 1-1.) After signing the DRA, Respondents had thirty days to opt out of the agreement if they so chose. (*See id.* at 1.) Respondents did not do so.

In October 2022, Petitioner acquired Twitter and decided to reduce the workforce. Petitioner offered numerous employees severance benefits in exchange for a general release of claims. However, many of these employees—including Respondents—refused, leading to thousands of arbitration demands. Shortly after, JAMS concluded that these arbitrations were "based on a clause or agreement

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02766-RGK-MBK | Date | July 31, 2025 |
|---|---|---|---|
| Title | *X Corp. v. Kyle Bahr et al.* | | |

that is required as a condition of employment," thereby triggering JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness. JAMS Employment Minimum Standards at 1, https://www.jamsadr.com/files/Uploads/Documents/JAMS-Rules/JAMS_Employment_Min_Stds-2009.pdf (July 15, 2009). And under these Minimum Standards, the employees were required to pay only the first $400 of the initial filing fee, and Petitioner was required to pay all other fees. *Id.* at No. 6. Petitioner objected to JAMS's decision, arguing in a letter to JAMS's general counsel that the Minimum Standards did not apply and that the DRA required fees to be split equally. JAMS's general counsel disagreed, reaffirming the prior decision.

After Respondents filed their arbitration demands, JAMS issued a filing fee invoice to the parties. Petitioner reached out to Respondents to confirm whether they would agree to split the fee equally. Respondents refused, insisting upon paying only $400, consistent with JAMS's prior decision. Having reached an impasse, Petitioner filed a Petition to Compel Arbitration in this Court.

Presently before the Court are two motions: (1) Petitioner's Motion to Compel Arbitration (ECF No. 22), and (2) Respondents' Motion for Sanctions (ECF No. 32). For the following reasons, the Court **DENIES** both Motions.

## II.    MOTION TO COMPEL ARBITRATION

Under the FAA, a petitioner may seek to compel arbitration "in accordance with the terms" of a valid arbitration agreement against a respondent that has "fail[ed], neglect[ed], or refus[ed]" to arbitrate according to the agreement. 9 U.S.C. § 4. A refusal to pay for arbitration constitutes a refusal to arbitrate. *Tillman v. Tillman*, 825 F.3d 1069, 1075 (9th Cir. 2016).

Here, there is no dispute as to the validity of the DRA, or that the case can and should be arbitrated. After all, Respondents already submitted the case to arbitration. Rather, the parties dispute the proper payment of fees at the outset of arbitration. Respondents insist upon paying only $400 of the initial filing fee based on JAMS's prior decision to apply the Minimum Standards. Petitioner argues that the DRA plainly states that fees should be split equally, and JAMS lacks the authority to decide otherwise. Petitioner thereby argues that the Respondents' refusal to pay more constitutes a refusal to arbitrate, warranting the instant Motion to Compel Arbitration. The Court disagrees with Petitioner.

The DRA expressly delegates authority to decide fee disputes to "the Arbitrator." (Pet., Ex. 1-A § 6.) It does not delegate any authority to JAMS or its general counsel. But in this case, the individual arbitrators cannot decide the dispute because the initial fees have not been paid. Petitioner suggests that in the arbitrator's absence the Court should decide the dispute, but the Court is not convinced. Payment of arbitration fees is a procedural issue best suited for the arbitrator to decide, not a district court. *Frazier v. X Corp.*, 739 F. Supp. 3d 219, 228 (S.D.N.Y. 2024) (collecting cases). And as the Ninth Circuit recently suggested in *Jones v. Starz Entertainment, LLC*, JAMS may decide certain procedural

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02766-RGK-MBK | Date | July 31, 2025 |
|---|---|---|---|
| Title | *X Corp. v. Kyle Bahr et al.* | | |

issues instead of an individual arbitrator. *See* 129 F.4th 1176, 1184 (9th Cir. 2025) (rejecting argument that a district court had a duty to intervene when a decision came from the JAMS National Arbitration Committee rather than an appointed arbitrator). Indeed, in a similar case between Petitioner and other former employees involving the same DRA, a Southern District of New York district court in *Frazier* suggested that the decision by JAMS's general counsel could stand, explaining:

> The JAMS General Counsel is, in effect, standing in the shoes of the individual arbitrator until one has ruled to the contrary, and so in that sense her decision is no different than that of an individual arbitrator. Further, the rationale behind this rule is that arbitrators are "comparatively more expert about the meaning of their own rule[s]," and this logic applies with equal (if not greater) force to decisions by the JAMS General Counsel.

*Frazier*, 739 F. Supp. 3d at 228 (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002)); *see also Fabien Ho Ching Ma v. Twitter, Inc.*, 2025 WL 436636, at *5 (N.D. Cal. Feb. 7, 2025).

Petitioner points out that these cases are not dispositive, however, as *Jones* was brought under different circumstances and raised different issues, and *Frazier* is out-of-circuit and only persuasive at best. Petitioner thereby urges the Court to instead adopt the reasoning of a different out-of-circuit case, *Rosa v. X Corp.*, which found it appropriate to order the parties to split the arbitration fees. 2024 WL 4903619 (D.N.J. Nov. 27, 2024). But *Rosa* is unpersuasive. While *Rosa* goes to great lengths to interpret the relevant provisions of the DRA and Minimum Standards, it does not address the threshold question of whether the Court has any business interpreting either. Indeed, the court in *Rosa* appears to assume without any explanation that it may address the merits of Petitioner's arguments without considering the effect of the decision by JAMS's general counsel. *See id.* at 9–11.

Thus, the Court is ultimately persuaded that intervention in or re-litigation of the decision to apply the Minimum Standards, and by extension, the unequal fee splitting, is inappropriate here. As a result, the Court cannot conclude that Respondents' insistence on paying only the first $400 constitutes a refusal to arbitrate, as required for relief under 9 U.S.C. § 4 of the FAA. Accordingly, the Court **DENIES** Petitioner's Motion to Compel Arbitration.

### III. MOTION FOR SANCTIONS

An attorney or party may be sanctioned for frivolous or unreasonable conduct in the course of litigation under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or under the court's inherent powers. When fashioning an appropriate sanction, the court must exercise restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). Generally, an assessment of attorneys' fees and costs resulting from the unreasonable conduct is appropriate. *Id.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02766-RGK-MBK | Date | July 31, 2025 |
|---|---|---|---|
| Title | *X Corp. v. Kyle Bahr et al.* | | |

Here, Respondents move for sanctions in the form of attorneys' fees and costs against Petitioner, arguing that its Petition and Motion to Compel Arbitration are frivolous and unreasonable. While the Court ultimately rejected Petitioner's arguments, the Court cannot conclude that Petitioner's arguments are frivolous or unreasonable. As noted above, it does not appear that Petitioner's arguments were outright foreclosed by a controlling authority. And the non-controlling authorities disagreed as to how to handle this issue, with *Rosa* siding with Petitioner.

Given the lack of clear guidance, and the fact that one court had already agreed with Petitioner's position, the Court concludes that the Petitioner did not engage in frivolous or unreasonable conduct. Accordingly, the Court **DENIES** Respondents' Motion for Sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** both Petitioner's Motion to Compel Arbitration and Respondents' Motion for Sanctions.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | JRE/sf |